# IN THE MATTER OF THE APPLICATION OF CLAYTON GANNETT FOR A WRIT OF HABEAS CORPUS.

1. Grand Larceny. — Stealing of Live Stock. — Repeals by Implication. — Malum in Se. — Malum Prohibitum. — Act of Feb. 18, 1876, § 278, Comp. Laws 1876 (2108), as amended by Session Laws 1886, c. 24, approved March 11, 1886, making the stealing of horses, cows and other live stock therein mentioned, grand larceny (being the same as § 4643, 2 Comp. Laws 1888), was not impliedly repealed by Session Laws 1886, c. 11, § 8, approved March 11, 1886, providing that any person who shall steal, embezzle or knowingly drive away, or deprive another of the immediate possession of any neat cattle, horse, goat, etc., or who shall steal, embezzle and apply to his own use any such animal, the owner of which is unknown, or who shall purchase it from anyone not having the lawful right to it, shall be deemed guilty of a felony, since the former act was intended to include the offense of larceny at common law, while the latter act was intended to provide a punishment for certain offenses against live stock, which were akin to stealing, but technically were not larceny, and the punishments pro-

vided are different from those in the former act. The former act is intended to punish a crime *malum in se* where the criminal intent is a necessary element, while the latter act is intended to punish an offense *malum prohibitum.*

·2. ID.—ID.—Under 2 Comp. Laws 1888, § 4643, a person stealing a horse, cow or other animal therein mentioned, is guilty of grand larceny, irrespective of the value of the property stolen.

·3. CONTEMPORANEOUS STATUTORY ENACTMENTS.—Two enactments having been approved and having taken effect on the same day and referring to the same subject, may be treated as parts of the same statute.

4. STATUTORY CONSTRUCTION. — REPEALS BY IMPLICATION NOT FAVORED. — REPUGNANCY. — Repeals by implication are not favored, and a subsequent affirmative statute, general in its terms, will not be so construed as to repeal by implication a prior statute, unless there is such repugnancy between the two as to make them irreconcilable, and then the later in point of time will abrogate the former only to the extent of such repugnancy.

·5. ID.—WHEN LATER LAW REPEALS BY IMPLICATION.—INTENTION TO REPEAL NOT PRESUMED.—When the later law embraces new provisions and covers the whole subject of the former, clearly indicating that the legislature intended it as a substitute for the former, then the later will operate as a repeal of the former law, but no intention to repeal will be presumed. The repeal by implication results from an enactment, the terms of which are in conflict with the earlier act, and the necessary operation of which cannot be harmonized with the necessary effect of the later law. ·

(No. 563. Decided Feb. 23, 1895. 39 P. R. 496.)

Original application for a writ of *habeas corpus* by ·Clayton Gannett, who was convicted of grand larceny in the First Judicial District for stealing live stock, and sen-:tenced to imprisonment in the penitentiary. *Writ denied.*

*Mr. D. D. Houtz* and *Mr. S. A. King,* for petitioner.

It is conceded by the people that if that part of the ·old law of 1876 (2 Comp. Laws 1888, § 4643) wherein

the stealing of horses, cattle, etc., is made grand larceny, has been repealed the prisoner should be discharged. It was repealed by § 8, p. 21, Laws of 1886. The word steal in section 8, means a felonious taking. *Alexander* v. *State,* 12 Tex. 540; Winfield's Adjud. Words & Phrases, 580. The elements of larceny, as defined by the common law are identical with those contained in the offense prescribed in laws of 1886. The change of and different penalty prescribed by the law of 1886, repeals the former law by implication. Bishop's Stat. Crimes, § 168; *U. S.* v. *Claflin,* 97 U. S. 546; *U. S.* v. *Tynery,* 11 Wall. 88; *Nichols* v. *Squire,* 5 Pick. (Mass.) 168; *State* v. *Kimball,* 21 Pick. (Mass.) 376; *State* v. *Ward,* 6 N. H. 529; *People* v. *Burrill,* 59 Mich. 104; *Buchallen* v. *Ackleman,* 8 N. J. 48; *Flaherty* v. *Thomas,* 12 Allen, 428; *Corn* v. *Davis,* 11 Gray, 48; *State* v. *Smith,* 44 Tex. 443; *Mullin* v. *State,* 31 Ill. 444; *Morris* v. *Cricker,* 13 How. U. S. 438; *People* v. *Tesdal,* 57 Cal. 104. From § 8, p. 21, Laws 1886, it plainly appears that it was the intention to repeal the old law. They have covered the whole ground of offenses against live stock, including with stealing, other offenses, such as embezzling, killing, driving off the range, etc. It is said the legislature in 1890 considered the old law still in effect and amended it by adding the word "sheep." What that body considered makes no difference. The question of repeal is a judicial one and not for the law-making branch of the government. *Dist. of Columbia* v. *Hutton,* 143 U. S. 27; *South Ottawa* v. *Perkins,* 94 U. S. 270; *U. S.* v. *Claflin,* 97 U. S. 54. The law of 1886, p. 21, § 8, included in Comp. Laws 1888 (vol. 1, § 2209), is expressly repealed by Laws of 1890, p. 6.

So we conclude, "Where there is no penalty there is no law, and where no law there should be no punishment."

*Mr. J. W. Judd,* U. S. Attorney, *contra.*

BARTCH, J.:

The petitioner was indicted, tried, and convicted of the crime of grand larceny in the District Court of the First Judicial District, and was on the 9th day of March, 1894, sentenced to imprisonment in the penitentiary for a term of two years. He was charged with having committed the offense by stealing five steers and five cows. He bases his claim for release on the ground that the indictment under which he was convicted does not charge an offense under any law of this territory, or, if it does charge an offense, it is petit larceny; and his counsel contend that the statute under which the proceedings which resulted in his conviction were had was repealed before the indictment was found. The said statute was first enacted in 1876, and, as then passed, it provides that the stealing of personal property is grand larceny "when the property taken is a horse, mare, gelding, cow, steer, ox, bull, calf, mule, jack, jenny, goat, or sheep." See Act Feb. 18, 1876, § 278. This section does not define the crime of larceny, but it is a part of chapter 5 of said act, which chapter contains the general law in relation to larceny, divides it into two degrees, and defines and prescribes the punishment for each degree. Subdivision 3 of section 278, above quoted, was amended by inserting the word "calf" after the word "mare," and the word "heifer" after the word "cow," and the word "or" before the word "jenny," and by striking out the words "goat or sheep." Sess. Laws 1886, c. 24. It will be noticed that goats and sheep were withdrawn from the operation of the act in relation to larceny. This amendment was approved March 11, 1886, and the section, as thus amended, is the same as section 4643, Comp. Laws Utah 1888, under which the indictment in this case was found. It is insisted by counsel for the petitioner that said subdivision 3 was repealed by § 8, c. 11, Sess. Laws 1886, which section reads as follows:

"Any person who shall steal, embezzle, or knowingly kill, sell, drive away, lead away, ride away, or in any manner deprive another of the immediate possession of any neat cattle, horse, goat, sheep, mule, ass or swine; or who shall steal, embezzle, or knowingly kill, sell, drive away, lead away, ride away, or in any manner apply to his own use any neat cattle, horse, goat, sheep, mule, ass or swine, the owner of which is unknown; or who shall knowingly purchase or receive of any person not having the lawful right to sell or dispose of the same, any neat cattle, horse, goat, sheep, mule, ass or swine, shall be deemed guilty of a felony, and shall be punished by imprisonment not exceeding ten years, and fined not exceeding five thousand dollars at the discretion of the court."

The act, of which this section forms a part, was also approved March 11, 1886. It will be observed that chapter 24 of the Laws of 1886, amending subdivision 3 of the act of 1876, containing said section 8, was approved and took effect on the same day, and that chapter 24 withdraws goats and sheep from the operation of the general statute in relation to larceny, and chapter 11 includes them within its terms, as provided in said section 8. The two enactments, having been approved and having taken effect on the same day, and referring to the same subject, may be treated as parts of the same statute. *Manlove* v. *White*, 8 Cal. 377. If the contention of counsel for petitioner be correct, then said subdivision 3 of the general law of larceny must be repealed by implication, for chapter 11 of the Laws of 1886 does not in express terms repeal said subdivision. It is a familiar rule of construction that repeals by implication are not favored, and a subsequent affirmative statute, general in its terms, will not be so construed as to repeal, by implication, a prior statute, unless there is such repugnancy between the two as to render them irreconcilable upon any rule of statutory con-

struction, and then the later law in point of time will
abrogate the former only to the extent of such repugnancy.
Even when two statutes relate to the same subject, both
will be given effect, if possible; but when the later law
embraces new provisions, and covers the whole subject of
the former, clearly indicating that the legislature intended
it as a substitute for the former, then the later will
operate as a repeal of the former law.    No intention to
repeal will be presumed.   It must be ascertained from the
context, the same as legislative intent is ascertained in
other respects.    The repeal by implication results from an
enactment the terms of which are in conflict with an earlier
act, and the necessary operation of which cannot be har-
monized with the necessary effect of the later law.    In
such case the last expression of the legislative will must
prevail.    Suth. St. Const. § 138; *Robbins* v. *State*, 8 Ohio
St. 131, 191; *People* v. *Barr*, 44 Ill. 198; *U. S.* v. *Claflin*,
97 U. S. 546; *Hume* v. *Gossett*, 43 Ill. 297.

In the case at bar, upon careful examination, there
appears to be no conflict between the two statutes, because
their terms can be harmonized, and the necessary operation
of the later does not interfere with the operation and
effect of the earlier law.    The former relates to the sub-
ject of larceny, divides the same into two degrees, and
prescribes the punishment for each degree.    Larceny was
an offense at common law, and includes the felonious
taking of any personal property.    It is a crime *malum in
se*, and is the wrongful and fraudulent taking and carry-
ing away the personal property of another, with the fel-
onious intent to convert them to the offender's own use,
and make them his own property without the owner's
consent.    The later law, or that of 1886, relates to the
subject of branding, herding, and care of stock, and pun-
ishing certain offenses concerning the same.    The offenses
defined and denounced by this act are, in their nature,

*mala prohibita,* and the punishments provided are different from those in the former act. It is true the term "steal" is employed in the said section 8, but we think it was there used in its popular and broader, and not in its purely technical sense, and refers to any wrongful taking, although the taking may not be accompanied with a felonious intent, or with the intent to deprive the owner permanently of his property, as is the case in larceny. Where a person wrongfully deprives another of the "immediate possession" of any of the property mentioned in said section 8, though it be without a felonious intent, he commits the offense denounced by the statute. The technical crime of larceny is committed only when the unlawful act is accompanied with a felonious intent, and such is the case under the former law. It may thus be seen that the whole purview of the two statutes is different, and that the repugnancy between them, if any, exists, is apparent, and not real, and can be harmonized by the application of the rules of statutory construction. Where the whole purview of two statutes is different, and there is no essential repugnancy between them, they will stand together, in the absence of a repealing clause, even though they refer to the same subject. *Mills* v. *State,* 23 Tex. 295; *People* v. *McAllister* (Utah), 37 Pac. 578; 23 Am. & Eng. Enc. Law, p. 482. It is evident that the legislature, by the enactment of 1886, intended to provide a punishment for certain offenses against live stock, which were akin to stealing, but technically were not larceny, and which were not covered by the general law relating to larceny.

From these considerations, we are of the opinion that subdivision 3 of section 278 of the act of 1876 was not repealed by the act of 1886, nor can an offense perpetrated under said subdivision be punished as petit larceny. The degree of such an offense does not depend on the value of

the property stolen, because it is made grand larceny by statute, regardless of value, and must be punished likewise. This view appears to be in accord with the action of the legislature respecting the act of 1876; for as has been observed, on the same day on which chapter 24 of the Laws of 1886 was enacted, amending said subdivision 3 by withdrawing goats and sheep from its operation, the legislature enacted said chapter 11, which included goats and sheep within its provisions. Again, in 1890, said subdivision 3 was amended. Sess. Laws, p. 12. It is quite apparent that it has been the settled policy of the legislature to make live stock a subject of grand larceny, and there was no intention to repeal any portion of section 278 of the act of 1876 by the act of 1886. The application for the writ is denied.

MERRITT, C. J., and SMITH, J., concur.