## STATE v. CAPUTO.

No. 4284.   Decided March 15, 1927.   (254 P. 141.)

*E. A. Rogers,* Dist. Atty., of Salt Lake City, for the State.

*John F. Tobin,* of Salt Lake City, for respondent.

CHERRY, J.

Defendant was accused of being a persistent violator of the prohibition law, which is a felony. He pleaded not guilty,

and was tried before a jury. At the conclusion of the evidence the court directed the jury to find for the defendant. The state has appealed.

It is first contended that the court erred in directing a verdict for defendant because there was sufficient evidence of defendant's guilt to be submitted to the jury. The defendant had been previously convicted of violating the prohibition law, and the act charged and attempted to be proved against him to make up the charge of being a persistent violator was that on November 22, 1924, at Salt Lake county, he knowingly and feloniously had whisky in his possession. In support of the charge two police officers testified that about 10 o'clock p. m., on the date above mentioned, by virtue of a search warrant they entered the dwelling house of one Nick Parrino, situated in the ■ western part of Salt Lake City. There were four or five rooms in the house, all but one of which were living quarters. When the officers entered they found the house occupied by Parrino, his wife, and three children, who were sitting in the kitchen, and the defendant, who was standing in a doorway between the kitchen and an adjoining room, dressed in overalls, and with a wrench in his hand. In the adjoining room was found a new 150-gallon still in operation, 50 barrels of sugar mash, and 10 gallons of moonshine whisky. A faucet on the bottom of the still was leaking. There was a bicycle standing outside the house. The defendant told the officers that he had come to the house to mend the leak in the still.

The defendant produced evidence that he kept a retail grocery store, and resided some distance from the Parrino house; that on the night in question he went to Parrino's house on a bicycle for the purpose of collecting a grocery bill; that, while there, he was requested to repair a leak in the still which he was engaged in doing when the officers came to the house. He denied any connection whatever with the ownership or possession of the still or the house in which it was situated. The case was somewhat close on the facts,

but we are unable to say that the trial court committed error in directing a verdict for the defendant.

A further complaint is made because the trial court refused leave to amend the information. At the close of the evidence the district attorney asked leave to amend the information by adding to the charge of unlawful possession a charge of unlawfully manufacturing intoxicating liquor. It is contended that under Comp. Laws Utah, 1917, § 8781, this amendment should have been allowed. ∎ Aside from the question of the trial court's discretion in the matter, the proposed amendment was objectionable because it introduced an offense of a different nature. (*State* v. *Rickenberg*, 58 Utah, 270, 198 P. 767), and one for which the defendant had not theretofore been examined and duly committed by a magistrate (*Kelly* v. *State*, 12 Okl. Cr. 208, 153 P. 1094).

There is no merit to the appeal. Judgment affirmed.

THURMAN, C. J., and GIDEON, and STRAUP, JJ., concur.

FRICK, J., died before decision announced.