## STATE v. ROHLETTER.

No. 6831.   Decided July 12, 1945.   (160 P. 2d 963.)

See 42 C. J. S., Indictment and Information; sec. 232.   27 Am. Jur., 680.

*Jensen & Jensen,* of Nephi, for appellant.

*Ellis J. Pickett,* Dist. Atty., of St. George, *Grover A. Giles,* Atty. Gen., and *Herbert F. Smart,* Deputy Atty. Gen., for respondent.

WOLFE, Justice.

The defendant, James Rohletter, was found guilty of the crime of carnal knowledge of a female under the age of eighteen and over the age of fourteen years. The first three assignments of error, the only assignments we deem it necessary to consider, all relate to the filing of an amended information after all but one of the state's witnesses testified.

The original information charged the crime of rape. No mention was made of the crime of carnal knowledge. After the jury was impaneled and sworn and after the state had substantially completed its case, the district court, over defendant's objection, permitted the state to amend the information to add a count charging the crime of carnal knowledge.

Sec. 105-17-3, U. C. A. 1943, governs amendments in criminal cases. It provides that an information may be amended with leave of the court as to matters of substance or form during the trial. However, in *State* v. *Rickenberg,* 58 Utah 270, 275, 198 P. 767, we held that ■ under this statute no amendment could be made which would essentially alter the nature of the case, so as to prejudice the defendant in making his defense. This was affirmed in *State* v. *Caputo,* 69 Utah 266, 254 P. 141.

It is clear that the addition of the count charging carnal knowledge changed the nature of the case. By Sec. 105-21-31, U. C. A. 1943, an information for rape may contain a count for carnal knowledge. But carnal knowledge is not an included offense. The jury could not have found the defendant guilty of the crime of carnal

knowledge without the filing of the amendment. We have on several occasions held that to be an included offense the lesser offense must *necessarily* be embraced within the legal definition of the greater offense and be a part thereof. *State* v. *Woolman*, 84 Utah 23, 33 P. 2d 640, 93 A. L. R. 723; *State* v. *Waid*, 92 Utah 297, 67 P. 2d 647; *State* v. *Soloman*, 93 Utah 70, 71 P. 2d 104. Since carnal knowledge can only be committed upon a female between the ages of 14 and 18 years, it is not necessarily included within the legal definition of rape.

We realize in this case that the defendant had a preliminary hearing on both counts, was bound over to the district court on both counts and that the bill of particulars contained facts from which the defendant could have determined that the facts as alleged by the state might ■ show the crime of carnal knowledge. But each step of the trial had proceeded in the light of an information charging the crime of rape and not mentioning the crime of carnal knowledge. The jury was interrogated with this fact in mind. It was sworn to try the defendant only for the crime of rape. Nine witnesses for the state had been examined and cross-examined relative to the crime of rape. The defendant sought throughout his cross-examination to show that the plaintiff had consented to the sexual act— which would have defeated the charge of rape but would not have been a defense to the charge of carnal knowledge. We cannot assume that the same jury would have been selected, the same questions asked, the same evidence emphasized, had the information from the beginning contained both counts. The addition of the second count charging a new and separate offense at this stage of the proceeding was prejudicial.

The judgment is reversed and the matter remanded for further proceedings.

LARSON, C. J., and McDONOUGH, TURNER, and WADE, JJ., concur.