**Eltesa WILLIAMS, Petitioner-Appellee,**

**v.**

**John W. TURNER, Warden, Utah State Prison, Respondent-Appellant.**

**No. 570-69.**

United States Court of Appeals, Tenth Circuit.

Feb. 6, 1970.

Don B. Allen, Salt Lake City, Utah, for petitioner-appellee.

David S. Young, Asst. Atty. Gen., State of Utah, Salt Lake City, Utah (Vernon B. Romney, Atty. Gen., and Lauren N. Beasley, Chief Asst. Atty. Gen., on the brief), for respondent-appellant.

Before PICKETT, LEWIS and HICKEY, Circuit Judges.

PICKETT, Circuit Judge.

The appellee, Eltesa Williams, while a prisoner in the Utah State Penitentiary, brought this habeas corpus proceeding seeking his release on the ground that he pleaded guilty to a crime not charged in the information and to an offense which did not exist at the time of the pleading. It is alleged that during the course of a trial on an information charging only a violation of the Utah forgery statute, § 76-26-1, Utah Code Ann.1953, the state court accepted a plea of guilty to the crime of obtaining money or property by false pretenses as defined in § 76-20-8, Utah Code Ann.1953.[1] After a hearing the trial court sustained the petition and ordered the release of Williams, holding that the crime of obtaining money or property under false pretense was not "necessarily in-

---

1. The statutory penalty for forgery is imprisonment for a term of not less than one year nor more than twenty years. The penalty under the false pretense statute is the same as that for petit or grand larceny, depending upon the value of the property involved.

cluded" in the crime of forgery. The court further held that the judgment and sentence based on a plea of guilty to a crime not charged was void, and that Williams was illegally held.

The crimes of forgery and of obtaining money or property under false pretense usually involve elements of fraud. They are, however, essentially crimes of a different kind. Forgery, as defined by the Utah statute, § 76–26–1, Utah Code Ann.1953, has to do with the alteration or falsification of written instruments or documents, or the use of unauthorized signatures, while the false pretense statute, § 76–20–8 et seq., applies to a wide range of activities relating to property, which might in some instances involve forgery, but usually does not.

Section 77–33–6, Utah Code Ann. 1953, provides that an accused may be found guilty "of any offense the commission of which is necessarily included in that with which he is charged in the indictment or information." This statutory provision is the same as Rule 31(c), Fed.R.Crim.P. We held in Larson v. United States, 296 F.2d 80, 81 (10 Cir. 1961), that to come within the term "necessarily included" the lesser offense "must be such that it is impossible to commit the greater without having first committed the lesser." *See also* Kelly v. United States, 125 U.S.App.D.C. 205, 370 F.2d 227 (1966), cert. denied, 388 U.S. 913, 87 S.Ct. 2127, 18 L.Ed.2d 1355; 42 C.J.S. Indictments and Informations § 286. The Utah courts, we think, in applying the Utah statute have adhered to the foregoing rule. In State v. Woolman, 84 Utah 23, 33 P.2d 640, 645, 93 A.L.R. 723 (1934), the court said: "The lesser offense must be a necessary element of the greater offense and must of necessity be embraced within the legal definition of the greater offense and be a part thereof." *Accord,* State v. Brennan, 13 Utah 2d 195, 371 P.2d 27 (1962); State v. Rohletter, 108 Utah 452, 160 P.2d 963, 964 (1945); State v. Solomon, 93 Utah 70, 71 P.2d 104, 108

(1937); State v. Waid, 92 Utah 297, 67 P.2d 647, 648 (1937).

We agree with the trial court that under Utah statutes the crime of obtaining money or property by false pretense is not "necessarily included" in a charge of forgery and that the judgment and sentence entered on Williams' plea of guilty is void and that he was illegally detained thereunder. We find no need to comment on other issues raised.

Affirmed.