501 P.2d 110

**The STATE of Utah, Plaintiff and Respondent,**

**v.**

**Ronald Ray KIRBY, Defendant and Appellant.**

No. 12651.

Supreme Court of Utah.

Sept. 22, 1972.

D. Gilbert Athay, of Salt Lake Legal Defenders, Salt Lake City, for defendant-appellant.

Vernon B. Romney, Atty. Gen., David S. Young, William T. Evans, Asst. Attys. Gen., Salt Lake City, for plaintiff-respondent.

HENRIOD, Justice:

Appeal from a conviction when a convict killed a guard in violation of Title 76–7–12, Utah Code Annotated 1953, as amended (Laws of Utah 1957, ch. 162, sec. 1, Vol. 8, 1971 Pocket Supp., p. 48), where Kirby not only was convicted under that legislation but also under Title 76–30, U.C.A.1953, the murder statute,—this appeal being from the former and not the latter charge (which was uncontested here)—all under one point of appeal: That the first charge was included within the second and hence should have been dismissed. Affirmed.

Defendant, with another convict, was working at the prison dairy farm granary, when defendant, claiming some kind of abuse from the deceased prison guard, admittedly hit the latter, knocking him to his knees, hit him over the head with a shovel to a point where the handle broke and hit him with something else until he stayed down, after which he dragged the guard to a grain pile, tied his feet with a rope, and, while undisputed evidence indicated he was still alive, buried him under a pile of grain, turned the lights out and escaped, the while the guard smothered to death.

Defendant now asks the judiciary of this state to purge him of taking an innocent man's life on some kind of hypertechnicality having to do with included offenses.

We think that under the facts of this case there is no merit to defendant's apparent supercilious claim for relief,—not from the priest,—but the judiciary, and that his insistence that his proven crime under 76–7–12, is included in his proven crime under 76–30, and thus unpunishable, is as inversely fatuous here as it is dispositive under the plain wording of the two statutes involved and our own and other authorities anent this type of case.[1] This author's personal postcript, not asked to be shared by my colleagues, is that, if this case simply is a vehicle to file something else in a federal court, as is being done too frequently, on what I think to be a misinformed and misguided conclusion that the case here exhausts one's state remedies, and dignifies the judicial process—any member of the bar, of the judiciary, and others contending otherwise myopically mis-appraise the Tenth Amendment to the U. S. Constitution, and such judicial process.

CALLISTER, C. J., and ELLETT, TUCKETT and CROCKETT, JJ., concur.

---

1. State v. Brennan, 13 Utah 2d 195, 371 P.2d 27 (1962) ; State v. Rohletter, 108 Utah 452, 160 P.2d 963 (1945) ; Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932) ; Williams v. Turner, 421 F.2d 168 (10th C.C.A. 1970).