**STATE of Utah, Plaintiff and Respondent,**

v.

**Edward Lane CORNISH, Defendant and Appellant.**

**No. 14782.**

Supreme Court of Utah.

Sept. 1, 1977.

Larry R. Keller and Ronald J. Yengich of Salt Lake Legal Defender Ass'n, Salt Lake City, for defendant and appellant.

Robert B. Hansen, Atty. Gen., William W. Barrett, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

**PER CURIAM:**

Defendant was convicted of failure to stop at the command of a police officer, a class A misdemeanor.

Briefly stated: On June 19, 1976, one Dotson parked his car at a lounge. When he returned some seven hours later it was gone and Dotson reported it to the police. On June 21, 1976, at about 1:30 a. m., Officer Harris gave chase to the stolen vehicle traveling in the wrong lane of traffic. After a high-speed chase, defendant stopped the car and ran into a field where he was taken into custody.

The only issue involved the interpretation of Utah Code Ann., Sec. 76–1–403 (Supp. 1975), and what is meant by a "single criminal episode." Defendant was originally charged with failure to stop at the command of a police officer and with theft. Pursuant to a motion by the State, separate complaints were later filed. Defendant was convicted of the crime of "unlawful taking of a vehicle" under Sec. 41–1–109, U.C.A.1953.

Subsequent to the conviction for unlawful taking, the instant suit was commenced for failure to stop. Because the evidence was the same at both trials, it was stipulated that the transcript of the earlier trial could be introduced as the sum total of all the evidence. Defendant claims the two offenses were sufficiently related to constitute a "single criminal episode," and that the trial for failure to stop was prohibited by statute and was in violation of state and federal protections against double jeopardy. We disagree and affirm the conviction.

The phrase "single criminal episode" was defined by the legislature in Utah Code Ann., Sec. 76–1–401 (Supp.1975) as follows:

In this part unless the context requires different definition, 'single criminal episode' means all conduct which is *closely related in time* and is incident to an attempt or an accomplishment of a *single criminal objective.* [Emphasis added.]

Not only were the two offenses charged separated in time by approximately one full

day, but they also were separate in objective. The objective of the unlawful taking was to obtain possession, be it permanent or temporary, of another's automobile. It was a completed offense at the time the car was taken. The objective of the failure to stop was to avoid arrest for the traffic violations he had just committed and/or to avoid being found in a stolen motor vehicle. To treat them as a single criminal episode would mean that any crime a defendant commits to avoid arrest for prior criminal activity would be part of the same criminal episode. This does not appear to be the intent of the statute and although the testimony given may overlap, the offenses are different and the proof requirements are different. Because the offenses are distinct, the question of double jeopardy does not even arise, as that protection relates to prosecutions more than once for a single offense.[1]

---

1. *Green v. U. S.*, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199.