STATE of Utah, Plaintiff and
Respondent,

v.

Steven A. IRELAND, Defendant
and Appellant.

No. 14879.

Supreme Court of Utah.

Oct. 4, 1977.

Raymond S. Shuey, of Southern Counties
Defender Office, St. George, for defendant
and appellant.

Robert B. Hansen, Atty. Gen., William W.
Barrett, Asst. Atty. Gen., Salt Lake City,
John O. Christiansen, Beaver County Atty.,
Beaver, for plaintiff and respondent.

HALL, Justice:

Appeal from conviction of aggravated
robbery.

Defendant was stopped by a highway pa-
trolman in Beaver County for speeding.
He pulled a gun, threatened the patrolman,
relieved him of his revolver, locked him in
the trunk of the patrol vehicle, shot holes in
its two front tires, and left the scene in his
own vehicle. He subsequently picked up
two hitchhikers, showed them the revolver,
and advised them of his having taken it
from the patrolman. He further advised
them that they need not stay in the car
with him.

Defendant proceeded on to the adjoining
County of Sevier, stopped to purchase fuel,
and shortly thereafter police began follow-
ing him at which time he informed the
hitchhikers they were his hostages and held
a gun on them. He was ultimately ap-
prehended at a roadblock, tried and convict-
ed in Sevier County for aggravated kidnap-
ping of the hitchhikers, and was subse-
quently convicted in Beaver County of this
offense of aggravated robbery for the tak-
ing of the patrolman's revolver.

Defendant asserted below, and now on
appeal, that all of the events giving rise to
the charges against him were part and par-
cel of one continuous activity he engaged in
for the purpose of escaping.

The sole issue involved in this appeal
is the interpretation of Section 76–1–401,
U.C.A., 1953, (1975 Supplement) which
defines "single criminal episode" as:

In this part unless the context requires
different definition, 'single criminal epi-
sode' means all conduct which is closely

related in time and is incident to an attempt or an accomplishment of a single criminal objective.

This Court has most recently had occasion to interpret said section[1] noting its requirements as to closeness in time and sole criminal objective and the principles applied there apply equally here.

In this case there was a distinct difference in time, (that necessary to travel some 65 miles) location, (two separate counties) and the criminal objective of robbery was entirely different than that of kidnapping which was totally disconnected in time, place or purpose.

The robbery conviction was based on the theft of a revolver which was a completed offense at the time it was taken from the patrolman.

The evidence clearly supports the conclusion that the hitchhikers were picked up merely as such and that the criminal objective of taking them as hostages was not adopted until the "necessity" thereof arose, i. e., when apprehension loomed imminent at the roadblock.

As to defendant's assertion that all acts were directed toward escape, while such is an explanation, the facts adequately support the trial court's determination that two separate and distinct offenses were committed. To adopt defendant's interpretation of the statute would serve only to torture its clear wording to afford him the advantage of a single felony conviction.

Affirmed.

ELLETT, C. J., and CROCKETT, MAUGHAN and WILKINS, JJ., concur.

---

1. See *State v. Cornish,* Utah, 571 P.2d 577 (1977).