The STATE of Utah, Plaintiff and Respondent,

v.

Charles Henry EICHLER, Defendant and Appellant.

No. 14964.

Supreme Court of Utah.

Sept. 7, 1978.

2. 64 Utah 105, 228 P. 509 (1924).

3. 82 Utah 188, 23 P.2d 225 (1933).

4. 21 Utah 2d 139, 442 P.2d 31 (1968).

5. See citation at footnote 3.

Michael D. Esplin of Utah County Legal Defender Ass'n, Provo, for defendant and appellant.

Robert B. Hansen, Atty. Gen., Michael R. Deamer, Deputy Atty. Gen., R. Paul Van Dam, Salt Lake County Atty., Salt Lake City, for plaintiff and respondent.

PER CURIAM:

Appeal from a jury trial convictions of 1) aggravated robbery, 76–6–302, Utah Code Annotated 1953, and 2) aggravated kidnapping, 76–5–302(b), under the "single criminal episode" legislation, 76–1–401, where one may be prosecuted in one criminal action, "for all *separate* offenses arising out of a single criminal episode."

One Wilden, 15, employee, and a friend, were accosted by three men alighting from a car who robbed the station where he worked and tied up him and his friend and left. He identified defendant in court as one of the men, and had identified him twice after the incident, once from a photograph shown to him and once in a line-up of eight men. The same day he was shown some "mug" shots of defendant, with prisoner identification numbers thereon, and in that case he failed to identify defendant. Neither the prosecutor nor defense counsel was aware of the last showing of the "mug" shots, but they both found out about it before the trial. Defense counsel demanded that such "exculpatory" evidence be produced, and after direct and cross-examination, the court granted defense counsel's request and demand, and the "mug" shots were admitted. Defendant's four witnesses testified he was with them on the night of the robbery. The jury didn't believe them.

Defendant urges that 1) failure to grant his motion to dismiss at the beginning of the trial, for failure to provide the "exculpatory" material (conceded to be such by the court, defense, and prosecution) was prejudicial error; 2) the evidence was insufficient, and 3) that the kidnapping charge should be dismissed under 76–1–401, Utah Code Annotated 1953, ("same criminal episode" statute).

As to 1) the "exculpatory" matter, the defense cites a number of cases holding that nondisclosure of "exculpatory" evidence constitutionally violates "due process," whether the withholding is intentional, negligent or unintentional. The state has no quarrel with such authorities but says that any claimed prejudice was washed out by the court's order to admit the photograph, giving the jury the opportunity to examine the evidence, which was the very basis for defendant's motion to produce.

Two Utah cases were cited, bearing out this contention.[1]

■ As to 2) sufficiency of the evidence, defense counsel, on cross-examination, asked Wilden numerous highly detailed questions about defendant's physical features, such as his face (which was bearded somewhat), his hands, etc., some of which he couldn't answer in detail or didn't know, but he repeatedly affirmed his identification of defendant in the line-up, the group of pictures shown him, in court at the preliminary exam and at the trial. Defendant cited only one case to support this point on appeal, with a mere statement that it was a similar case, and without detailing any facts. At any rate, the jury believed Wilden and the evidence here cannot, on appellate review, be said to be insufficient to upset the verdict. The Utah and other cases appear to sustain an appellate review affirmance.[2]

■ As to 3) defendant said that under the evidence the robbery and the kidnapping, if any, were simultaneous subject to the provisions of 76–1–402(1), Utah Code Annotated 1953, which relates to barring two penalties. The section reads as follows:

76–1–402. Separate offenses arising out of single criminal episode—Included offenses.—(1) A defendant may be prosecuted in a single criminal action for *all separate* offenses arising out of a single criminal episode; however, when the *same act* of a defendant under a single criminal episode *shall establish offenses* which may be punished in different ways under different provisions of this code, the act *shall be punishable under only one such provision;* an acquittal or conviction and sentence under any such provision bars a prosecution under any other such provision.

Defendant cites two Utah cases, *State v. Ireland,* 570 P.2d 1206, where an officer was kidnapped in Beaver County and a robbery committed in Sevier County, and *State v. Cornish,* 571 P.2d 577, where there was an auto theft and later a failure to obey an officer. This Court held there were separate offenses in both cases, but the defendant apparently cites the cases to indicate that Sec. 76–1–402 was involved in principle.

The state says in the instant case there were two separate cases,—robbery of the station, and taking the victim into an adjacent storage room and tying him up (kidnapping); and that if the kidnapping cannot stand here, the kidnap statute, 76–5–302 would be emasculated, since it is aggravated kidnapping if a person is restrained by force "to facilitate the commission . . of a felony." The state points to *State v. Jones,* 13 Utah 2d 35, 368 P.2d 262, affirming burglary *and* larceny convictions committed at the same time except for an interval between breaking and entering and the stealing, and to *Eckert v. Sheriff,* 557 P.2d 1150 (Nev.1976), affirming convictions for kidnapping, robbery, extortion and use of a deadly weapon in the same escapade or "episode," and to *State v. Ayers,* 198 Kan. 467, 426 P.2d 21, affirming separate kidnapping and rape convictions arising out of the same incident; also *State v. Morris,* 281 Minn. 119, 160 N.W.2d 715 (1968).

The judgment is affirmed.

MAUGHAN, J., concurs in result.

1.  *State v. Moraine,* 25 Utah 2d 51, 475 P.2d 831; *State v. Winters,* 16 Utah 2d 139, 396 P.2d 872 (1964).

2.  *State v. Romero,* Utah, 554 P.2d 216; *State v. Wilson,* Utah, 565 P.2d 66; *State v. Mills,* Utah, 530 P.2d 1272 (1975).