STATE of Utah, Plaintiff and Respondent,

v.

Ronald G. CLARK, Defendant and Appellant.

No. 17037.

Supreme Court of Utah.

June 29, 1981.

Robert Van Sciver, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Craig Barlow, Salt Lake City, for plaintiff and respondent.

STEWART, Justice:

Defendant was convicted of theft of livestock, a third-degree felony in violation of § 76–6–404[1] and sentenced pursuant to § 76–6–412(1)(b)(iii),[2] Utah Code Ann. (1953), as amended, for stealing three turkeys from a turkey farm in a rural area of Utah. The gravamen of the appeal is that § 76–6–412(1)(b)(iii), in making theft of livestock a third-degree felony, irrespective of the value of the livestock, is unconstitutional as a denial of equal protection of the laws and as a violation of the prohibition against private or special laws, and that the sentence imposed upon defendant was excessive and prejudicial.

At approximately 2:00 a.m. on October 19, 1979, owners of a turkey farm in Ephraim, Utah, heard a truck idling and the sound of someone hitting turkeys and saw defendant inside a fenced turkey pen carrying three dead turkeys. Defendant was found inside the coop with fresh blood on his boots. A baseball bat was also found in the turkey pen.

Defendant was found guilty as charged, and a presentence report was ordered. The court placed defendant on probation for two years, imposed a fine of $1,500, ordered restitution of $45, the value of three turkeys, and ordered the defendant to serve 90

1. Section 76–6–404 provides:
   Theft—Elements.—A person commits theft if he obtains or exercises unauthorized control over the property of another with a purpose to deprive him thereof.

2. Section 76–6–412 provides, in part:
   Theft of property and services as provided in this chapter shall be punishable as follows:

   \* \* \* \* \* \*
   (b) As a felony of the third degree if:
   \* \* \* \* \* \*
   (iii) When the property taken is a stallion, mare, colt, gelding, cow, heifer, steer, ox, bull, calf, sheep, goat, mule, jack, jenny, swine, or poultry.

days in jail as a condition of probation. Upon imposing this sentence, the judge expressed his intention to make an example of the defendant.

■ We are not persuaded by defendant's argument that § 76–6–412(1)(b)(iii) suffers constitutional infirmities. The absence of any reference to the value of the animal stolen in arriving at the felonious nature of the offense charged does not constitute a denial of equal protection. We are not unmindful of the general practice of relying on the fair market value of the stolen property in assessing the seriousness of a larceny offense, *State v. Logan*, Utah, 563 P.2d 811 (1977), and that an arbitrary classification of crimes may be unconstitutional, *Spears v. Circuit Court, Ninth Judicial Dist., Warren County, State of Miss.*, 517 F.2d 360 (5th Cir.1975). However, in this case the nonreliance on market value in determining the punishment for the offense charged is of no constitutional significance because the difference between this type crime and general theft crimes rests upon a rational distinction.

The distinction made by the Legislature between general theft and theft of certain animals is one which has historically been recognized as furthering the legitimate purpose of deterring a type of theft easy to commit and difficult to detect. *People v. Burns*, 197 Colo. 284, 593 P.2d 351 (1979); *State v. Webb*, 96 Idaho 325, 528 P.2d 669 (1974). Theft of livestock, beginning in territorial times, has been treated differently than theft of other property. *In re Gannett*, 11 Utah 283, 39 P. 496 (1895). The recent amendment of the livestock theft section in 1977 to include swine and poultry evidences a continuing recognition by the Legislature of the need for special treatment of theft of livestock.

Defendant contends that the industrialization of society has eroded the rationale for dealing with theft of livestock separately from theft in general, but the rationale stated above is still fully valid, at least in this State. See, generally, *State v. Feeley*, 170 Mont. 227, 552 P.2d 66 (1976). Indeed, a number of states have held that statutory provisions similar to the one at issue serve a valid purpose in contemporary society. *People v. Thomas*, 43 Cal.App.3d 862, 118 Cal.Rptr. 226 (1974); *State v. Webb*, 96 Idaho 325, 528 P.2d 669 (1974); *State v. Feeley*, 170 Mont. 227, 552 P.2d 66 (1976); *State v. Pacheco*, 81 N.M. 97, 463 P.2d 521 (1969); see also *Lafollette v. Commonwealth*, Ky., 477 S.W.2d 152 (1972).

Defendant next contends that the provisions of the theft statute inherently invest the prosecutor with the discretion to charge defendant with either a misdemeanor or felony for the same conduct and thus constitute a denial of equal protection of the laws.

Under the Utah theft statute, § 76–6–412, the defendant would have been guilty of a Class B misdemeanor punishable by a jail term not to exceed six months, and a fine not to exceed $299, had the punishment been determined by the value of the property stolen, as is the usual case. The punishment for theft of livestock without regard to its value, however, may be a prison term of up to five years and a fine not to exceed $5,000. The argument is that if a person steals an animal specified in § 76–6–412(1)(b)(iii) valued at less than $100, he could be charged with a third-degree felony under that provision, or with a misdemeanor under § 76–6–412(1)(d).[3]

■ It is not unconstitutional for a state to impose a more severe penalty for a particular type of crime than the penalty which is imposed with respect to the general category of crimes to which the special crime is related or of which it is a subcategory. *Rammell v. Smith*, Utah, 560 P.2d 1108 (1977). The particular crime in this case is clearly defined by the statute and distinguishable from the general category, and there are valid reasons for imposing a harsher punishment. This is not a case in

---

**3.** Section 76–6–412 provides, in part:

Theft of property and services as provided in this chapter shall be punishable as follows:

\* \* \* \* \* \*

(d) As a class B misdemeanor if the value of the property stolen was $100 or less.

which the statutes define two crimes having precisely the same elements with different penalties. See *State v. Shondel*, 22 Utah 2d 343, 453 P.2d 146 (1969).

As long as the legislative classifications are not arbitrary, the fact that conduct may violate both a general and a specific provision of the criminal laws does not render the legislation unconstitutional, even though one violation is subject to a greater sentence. *People v. Burns*, 197 Colo. 284, 593 P.2d 351 (1979). In *Burns*, the court addressed the argument that imposition of a more severe punishment accompanying the theft of animals rather than the lesser punishment imposed under the general theft statute constitutes a denial of equal protection. The Court held there was no merit to the constitutional challenge. Quoting from its earlier decision in *People v. Czajkowski*, 193 Colo. 352, 568 P.2d 23, 25 (1977), the Court stated:

"Simply because an act may violate more than one statutory provision does not invalidate the legislation in question, so long as the legislative classification is not arbitrary or unreasonable, and the differences in the provisions bear a reasonable relationship to the persons included and the public policy to be achieved."

We agree.

Defendant extends the argument by contending that, since the turkeys were clubbed to death, he could have been prosecuted, "based upon the same set of facts," for cruelty to animals—a Class B misdemeanor under § 76–9–301, rather than a felony under § 76–6–412(1)(b)(iii). The fallacy with his argument is readily apparent. Neither the elements of the two offenses nor those acts of defendant which would constitute a cruelty to animals charge, as opposed to a theft charge, are "the same." Each clearly requires proof of some fact or element not required to establish the other, and when two statutes under consideration do not proscribe the same conduct, as is true of the cruelty to animals statute and the theft statute, defendant may be charged with the crime carrying the more severe sentence, see *Helmuth v. Morris*, Utah, 598 P.2d 333 (1979); *Rammell v. Smith, supra*, or may stand conviction on both, see *State v. Eichler*, Utah, 584 P.2d 861 (1978); *State v. Cornish*, Utah, 571 P.2d 577 (1977); *State v. Kirby*, 28 Utah 2d 246, 501 P.2d 110 (1972); *State v. Jones*, 13 Utah 2d 35, 368 P.2d 262 (1962).

Defendant makes the additional argument that the livestock theft statute is violative of the constitutional prohibition against private or special laws in Article VI, § 26 of the Utah Constitution. However, the statute applies uniformly to all members of a legitimate class of persons and is not, therefore, private or special legislation. *McGuire v. University of Utah Medical Center*, Utah, 603 P.2d 786 (1979); *Utah Farm Bureau Insurance Co. v. Utah Insurance Guaranty Association*, Utah, 564 P.2d 751 (1977); *State v. Kallas*, 97 Utah 492, 94 P.2d 414 (1939). See *State v. Pacheco*, 81 N.M. 97, 463 P.2d 521 (1977), in which the New Mexico Supreme Court held that a livestock theft law, violation of which is punishable as a felony, regardless of value, was not special legislation.

Finally, defendant claims the sentence was excessive and arbitrary and prejudicially imposed. He contends that the penalty imposed upon him bore no relation to his character, pointing to a stable background, stable employment history, and the absence of a prior serious criminal record. He asserts that the penalty was motivated by a concern for the right of livestock and poultry farmers and the court's desire to make an example of defendant.

Generally the sentence imposed by a trial judge will not be disturbed, unless it is in excess of his authority or there is an abuse of discretion. *State v. Gerrard*, Utah, 584 P.2d 885 (1978); *State v. Plum*, 14 Utah 2d 124, 378 P.2d 671 (1963).

The sentence imposed in the instant case was less than that which the trial judge could have imposed. Defendant may have reasonably thought he should have been placed on probation or given more lenient treatment because more lenient treatment is sometimes accorded first of-

fenders in some kinds of cases. But clearly there is no principle recognized in a court of law that one who would break the law is entitled to a free bite of the apple or to be treated leniently.

Affirmed.

MAUGHAN, C. J., and HALL, HOWE and OAKS, JJ., concur.