The STATE of Utah, Plaintiff and Respondent,

v.

Orlando RODRIGUEZ, Defendant and Appellant.

No. 20570.

Supreme Court of Utah.

May 2, 1986.

Bernard L. Allen, Ogden, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Earl F. Dorius, Salt Lake City, for plaintiff and respondent.

PER CURIAM:

Defendant has appealed his conviction and sentence after pleading guilty to manslaughter, a second degree felony.

Defendant's counsel submitted an *Anders*[1] brief explaining defendant's claim that the sentence imposed was excessive. However, counsel did not follow the notice requirements set forth by this Court in *State v. Clayton,* Utah, 639 P.2d 168 (1981), and his accompanying request to withdraw as defendant's attorney was denied. Defendant also submitted to the Court additional argument for reversal of his sentence, alleging that his attorney below did not properly advise him of his constitutional rights before he pleaded guilty and that the presentence report given to the court was incomplete. Defendant also makes extraneous arguments which are not properly before us, and we decline to consider them.

After careful review of the record on appeal, including the transcript of the proceedings below, we find no merit to defendant's appeal and, therefore, affirm his conviction and sentence. Defendant was origi-

1. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

nally charged with second degree homicide. Having been advised of his constitutional rights by the court, he pleaded guilty to manslaughter. U.C.A., 1953, § 76–5–205 (Supp.1985). Before pleading guilty, defendant reviewed, initialled, and signed an expiation agreement which specifically set forth his constitutional rights and his agreement to waive them by pleading guilty. He acknowledged therein that no promises had been made to him in exchange for his guilty plea and that he might receive a prison sentence.

After a lengthy sentencing hearing, at which defendant's counsel argued the mitigating circumstances of the offense, the lower court sentenced defendant to an indeterminate prison term of one to fifteen years. U.C.A., 1953, § 76–3–203(2) (Supp.1983). The record does not support the contention that defendant was precluded from presenting any evidence of mitigation to the sentencing judge. The court received and reviewed all materials submitted by defendant and his attorney. In every aspect, the conviction was proper and the sentence well within the discretion of the trial court. *State v. Amicone*, Utah, 689 P.2d 1341 (1984); *State v. Clark*, Utah, 632 P.2d 841, 844 (1981); *State v. Gerrard*, Utah, 584 P.2d 885 (1978).

Defendant's conviction and sentence are affirmed.