STATE of Utah, Plaintiff and Appellee,

v.

Simone Lucia KENT, Defendant
and Appellant.

No. 960606–CA.

Court of Appeals of Utah.

Sept. 5, 1997.

Judith A. Jensen and Linda M. Jones, Salt Lake Legal Defender Ass'n, Salt Lake City, for Defendant and Appellant.

Jan Graham, Atty. Gen. and Laura B. Dupaix, Asst. Atty. Gen., Crim. Appeals Div., Salt Lake City, for Plaintiff and Appellee.

Before WILKINS, Associate P.J., and GREENWOOD and JACKSON, JJ.

GREENWOOD, Judge:

Simone Lucia Kent appeals from a judgment and conviction pursuant to a conditional guilty plea to one count of computer crimes, a second degree felony in violation of Utah Code Ann. § 76–6–703(3) (Supp.1996). Kent claims that because the computer crimes statute proscribes the same conduct as do the statutes criminalizing forgery, Utah Code Ann. § 76–6–501 (Supp.1996), insurance fraud, Utah Code Ann. § 76–6–521 (1995), and/or communications fraud, Utah Code Ann. § 76–10–1801(1) (Supp.1996), all third degree felonies, she should have been

charged with one of those lesser crimes.[1] We affirm.

## BACKGROUND

Around the first week of March 1995, Kent used another employee's password to access the computer system of her employer, First Health, to alter two insurance claim forms. As a result of the alterations, First Health issued and mailed two checks, in the amounts of $3500 and $7500, to Cathleen Gullett at a post office box, which Kent had rented using Gullett's driver's license. First Health discovered the scheme and notified the FBI of the unauthorized checks. When Kent attempted to retrieve the $3500 check from the post office box, she was arrested.

The State charged Kent with two counts of computer crimes based on the issuance of the two checks. After the trial court denied her motion to strike the computer crimes charges, Kent entered a conditional guilty plea to the first count of computer crimes, expressly reserving her right to appeal the denial of her motion to dismiss or reduce the charge against her. *See State v. Sery,* 758 P.2d 935, 938 (Utah Ct.App.1988). The State agreed to dismiss the second count of computer crimes. Thereafter, the trial court imposed three years probation and restitution on Kent. This appeal followed.

## ISSUE AND STANDARD OF REVIEW

The sole issue on appeal is whether the computer crimes statute, Utah Code Ann. § 76–6–703(3) (Supp.1996),[2] a second degree felony, proscribes the same conduct as that proscribed by the forgery statute, Utah Code Ann. § 76–6–501 (Supp.1996);[3] the insurance fraud statute, Utah Code Ann. § 76–6–521 (1995);[4] or the communications fraud statute, Utah Code Ann. § 76–10–1801(1) (Supp.1996),[5] all third degree felonies, thereby requiring that the State charge Kent with a lesser crime, pursuant to *State v. Shondel,* 22 Utah 2d 343, 453 P.2d 146 (1969).

Our review under the *Shondel* rule "focuses on the trial court's legal conclusions, which we review under a correction-of-error standard, according no particular deference to the trial court's ruling." *State v. Vogt,* 824 P.2d 455, 456 (Utah Ct.App.1991).

1. Amendments to the computer crimes, forgery, and communications fraud statutes, enacted after *Kent* was charged, made merely minor stylistic changes or clarifications; as such, we cite to the current statutes.

2. Section 76–6–703(3) provides:

    A person who uses or knowingly allows another person to use any computer, computer network, computer property, or computer system, program, or software to devise or execute any artifice or scheme to defraud or to obtain money, property, services, or other things of value by false pretenses, promises, or representations, is guilty of a felony of the second degree.

3. Section 76–6–501(1) states:

    A person is guilty of forgery if, with purpose to defraud anyone, or with knowledge that he is facilitating a fraud to be perpetrated by anyone, he:

    . . . .

    (b) makes, completes, executes, authenticates, issues, transfers, publishes, or utters any writing so that the writing or the making, completion, execution, authentication, issuance, transference, publication or utterance purports to be the act of another, whether the person is existent or nonexistent, or purports to have been executed at a time or place or in a numbered sequence other than was in fact the case, or to be a

    copy of an original when no such original existed.

4. Section 76–6–521 provides that:

    A person commits a fraudulent insurance act if that person with intent to defraud:

    . . . .

    (b) presents, or causes to be presented, any oral or written statement or representation as part of or in support of a claim for payment or other benefit pursuant to an insurance policy, certificate, or contract, or in connection with any civil claim asserted for recovery of damages for personal or bodily injuries or property damage, knowing that the statement or representation contains false or fraudulent information concerning any fact or thing material to the claim. . . .

5. Any person may be guilty under section 76–10–1801(1),

    who has devised any scheme or artifice to defraud another or to obtain from another money, property, or anything of value by means of false or fraudulent pretenses, representations, promises, or material omissions, and who communicates directly or indirectly with any person by any means for the purpose of executing or concealing the scheme or artifice. . . .

## ANALYSIS

### The *Shondel* Rule

■ Kent asserts that the computer crimes statute proscribes the same conduct as that proscribed under the forgery, insurance fraud, or the communications fraud statutes, and because these statutes carry lesser penalties, the trial court erred in not sentencing her under them as required by *State v. Shondel*, 22 Utah 2d 343, 453 P.2d 146 (1969). The supreme court's opinion in *State v. Bryan*, 709 P.2d 257, 263 (Utah 1985), establishes the framework for analyzing Kent's claim:

> [T]he criminal laws must be written so that there are significant differences between offenses and so that the exact same conduct is not subject to different penalties depending upon which of two statutory sections a prosecutor chooses to charge. To allow that would be to allow a form of arbitrariness that is foreign to our system of law.

However, if the elements of the crime are not identical and the relevant statutes require "proof of some fact or element not required to establish the other," *State v. Clark*, 632 P.2d 841, 844 (Utah 1981), the statutes do not proscribe the same conduct and Kent "may be charged with the crime carrying the more severe sentence," *id.*, without violating her due process rights under the state and federal constitutions or her equal protection rights under the federal constitution. *Id.* at 843; *see also State v. Gomez*, 722 P.2d 747, 750 (Utah 1986); *Shondel*, 453 P.2d at 148; *State v. Duran*, 772 P.2d 982, 987 (Utah Ct.App. 1989). As explained by the supreme court in *Gomez*, the critical question in this case is "whether the ... statutes at issue proscribe *exactly* the same conduct, i.e., do they contain the *same elements?*" 722 P.2d at 749 (emphasis added); *see also Bryan*, 709 P.2d at 263 (stating proper inquiry is whether elements of statutes are "wholly duplicative").

■ The State asserts that the *Shondel* rule is inapplicable to this case because the elements of the computer crimes statute are different from those of the forgery, insurance fraud, and communications fraud statutes.

Specifically, the State contends the computer crimes statute requires the use of a computer as an element of the offense, whereas the forgery, insurance fraud, and communications fraud statutes do not. *See* Utah Code Ann. § 76–6–703(3) (Supp.1996). We agree.

While the statutes criminalizing forgery, insurance fraud, and communications fraud provide that these crimes may be accomplished through the use of a computer, the use of a computer is not an essential element of these crimes. *Cf.* Utah Code Ann. § 76–6–501(2) (Supp.1996) (defining "writing" for purposes of forgery as including "*electronic storage or transmission* ") (emphasis added); *id.* § 76–6–521 (1995) (providing that any "person commits a fraudulent insurance act if that person with intent to defraud: ... presents, or *causes to be presented,* any ... written statement or representation as part of or in support of a claim for payment") (emphasis added); *id.* § 76–10–1801(6)(b) (Supp.1996) (defining means of communication that may be used to accomplish communications fraud as including but "not limited to use of the ... *computer* ") (emphasis added). Computer crimes, however, requires use of "any computer, computer network, computer property, or computer system, program, or software." *Id.* § 76–6–703(3) (Supp.1996). Consequently, forgery, insurance fraud, and communications fraud can be committed without a computer, whereas computer crimes cannot. As such, because the elements of the computer crimes statute and the forgery, insurance fraud, and communications fraud statutes are not wholly duplicative, the *Shondel* rule does not apply.

■ As the supreme court noted in *Clark:* "when two statutes under consideration do not proscribe the same conduct, ... [the] defendant may be charged with the crime carrying the more severe sentence," even if the defendant *could have been* charged with the crime carrying the less severe sentence, so long as there is a rational basis for the legislative classification. 632 P.2d at 844 (citations omitted). In *Clark*, the court held that the defendant could be convicted of theft of livestock for stealing three turkeys valued at $45.00, even though defendant's conduct was also punishable under the less severe

general theft statute. *Id.* The *Clark* court explained that

> [s]imply because an act may violate more than one statutory provision does not invalidate the legislation in question, so long as the legislative classification is not arbitrary or unreasonable, and the differences in the provisions bear a reasonable relationship to the persons included and the public policy to be achieved.

*Id.* (quotation marks & citations omitted). The *Clark* court concluded that the difference between the penalties for theft of livestock and general theft were based on a rational distinction because the theft of livestock statute "has historically been recognized as furthering the legitimate purpose of deterring a type of theft easy to commit and difficult to detect." *Id.* at 843; *see also Gomez,* 722 P.2d at 749–50 (holding distinction between offense of "signing" sales slip while fraudulently using financial transaction card and offense of mere fraudulent use of financial transaction card was within legislative prerogative); *State v. Hales,* 652 P.2d 1290, 1293 (Utah 1982) (holding distinction between destruction of public records by custodian of such records and destruction of public records by any person was rational); *Duran,* 772 P.2d at 987 (holding distinction between assault of police officer by prisoner and assault of peace officer by any person was "'manifestly rational'" (citation omitted)).

■ There is a rational basis for the distinction between the computer crimes statute and the forgery, insurance fraud, and communications fraud statutes because the purposes and targeted behaviors of these four statutes are different. With respect to computer crimes, the Legislature clearly made a determination that because computer crimes are difficult to police and have a greater potential for ruinous consequences, the use of a computer to commit a crime to defraud should be punished more severely than other offenses involving fraud; namely, the offenses of forgery, insurance fraud, and communications fraud. Similar to the theft of livestock in *Clark,* computer crimes involve the type of fraud that is "easy to commit and difficult to detect." 632 P.2d at 843. More-

over, the relatively recent addition of this section in 1986, after enactment of the forgery, insurance fraud, and communications fraud statutes, evidences the Legislature's recognition of the need for special treatment of computer crimes. *Compare* Computer Crimes Act, ch. 123, § 3, 1986 Utah Laws 281, 282, *with* Utah Criminal Code, ch. 196, § 76–6–501, 1973 Utah Laws 584, 620, *and* Utah Criminal Code, ch. 196, § 76–6–521, 1973 Utah Laws 584, 626, *and* Communications Fraud Act, ch. 157, § 2, 1985 Utah Laws 278, 279. Consequently, the distinction between the computer crimes statute and the forgery, insurance fraud, and communications fraud statutes is "well grounded in reason and practicality," *Hales,* 652 P.2d at 1293, and thus the Legislature may exercise its prerogative to punish computer crimes more severely. *See Gomez,* 722 P.2d at 749.

## CONCLUSION

In sum, the elements of the computer crimes statute are distinct from those of the forgery, insurance fraud, and communications fraud statutes, and each statute addresses a discrete legislative concern. The information alleged that Kent used a computer to execute a scheme to defraud First Health. Accordingly, it was within the prosecutor's discretion to charge and the trial court's authority to sentence Kent under the computer crimes statute.

The trial court's ruling is affirmed.

WILKINS, Associate P.J., and JACKSON, J., concur.