Per Curiam.

— After securing a judgment in the district court of Boulder county against one George T. Clark, appellant, who was the judgment creditor of the said George T. Clark, caused garnishment process to be served upon the appellee, who was administratrix of the estate of Thomas Clark, deceased, which said estate was in process of settlement in the probate court of Boulder county. Appellee having answered that she owed the said George T. Clark, judgment debtor, nothing, appellant traversed her answer, setting up that she had money in her possession or under her control as administratrix, that would come into the possession of the judgment debtor, in an amount abundantly sufficient to meet the judgment which appellant had secured, after all debts of the estate, including the expenses of administration, had been paid. He further set up the fact that the garnishee had been appointed administratrix for more than one year, and that no further debts or claims could be filed against the estate.
The attorney for the garnishee appeared in court, after the filing of appellant’s traverse, and moved the court to dismiss or quash the garnishment writ, for the reason that the same was not permissible under the law. The record is very brief on *198 this matter, the motion to quash having been made orally. The court sustained the motion to quash the garnishment upon the theory, as announced, “that the administratrix cannot be garnished before the final settlement or some order of distribution is made.” The costs were taxed to appellant.
From a judgment of this character or amount an appeal will not lie. But, we think the judgment of the trial court on the merits of the traverse was clearly right. See Hudson v. Wilber, 47 L. R. A, 545, and annotations to same.
Counsel for appellant cites but three cases, none of which seem to be in point.
We call attention of counsel for appellant to Rule 20 of the supreme court, which rule has been adopted by this court, with reference to the citation of authorities. Counsel has neglected in his brief to give the title of the cases he relies upon, or the state or official reports where they may be found. Both omissions are plain violations of the rule mentioned.

The judgment is affirmed.

Per Curiam.

Wallietg, Judge, not participating.