519 P.2d 1233 (1974)
George W. STONE et al., Plaintiffs-Appellants,
v.
CHAPELS FOR MEDITATION, INC., Defendant,
v.
Ida Fae STANDISH, Administratrix of the Estate of John D. Standish, Garnishee-Defendant-Appellee.
No. 73-196.
Colorado Court of Appeals, Div. II.
March 5, 1974.
*1234 Mason, Reuler & Peek, P. C., Jon L. Lawritson, H. F. Riebesell, Jr., Denver, for plaintiffs-appellants.
Robert W. Baker, Denver, for garnishee-defendant-appellee.
Selected for Official Publication.
RULAND, Judge.
Plaintiffs appeal from a judgment dismissing their traverse of answers to a writ of garnishment. We reverse.
Plaintiffs obtained a judgment against Rolland Standish in the Denver District Court for $10,500 plus interest and court costs. Thereafter plaintiffs caused the writ of garnishment in question to be issued by the clerk of the district court and served upon Ida Fae Standish, as administratrix of the estate of John Standish, deceased. The administratrix answered the writ of garnishment as follows:
"A. On the date and time that this writ of garnishment was served on you, were you indebted to the defendant [Rolland Standish] for wages, commissions, monies or credits?
Answer: No.
B. On the date and at the time that this writ of garnishment was served on you, did you have any property belonging to the defendant [Rolland Standish] (1) in your possession, or (2) under your control?
Answer: No."
Attached to the answers was a certified copy of an order of the Kit Carson County District Court instructing the administratrix to answer the interrogatories in the negative.
Plaintiffs then filed their traverse alleging, inter alia, that: (1) The District Court for Kit Carson County had entered a "decree of heirship" determining that Rolland Standish is an heir at law of John Standish; (2) in accordance with statement made in the final report filed by the administratrix, that portion of the estate available for distribution to Rolland Standish amounted to $8,221.25, increased by interest; (3) plaintiffs' judgment against Rolland Standish was unsatisfied; and (4) the administratrix had in her possession and under her control personal property due or to become due to Rolland Standish. Based on these allegations, plaintiffs requested judgment against the administratrix in the sum of $8,221.25 plus accrued interest.
In response to the traverse, the administratrix filed, inter alia, a motion to dismiss or quash the writ of garnishment, which the trial court granted. Accordingly, for purposes of this appeal we must accept the material allegations of the traverse as admitted. Cook v. Denver, 128 Colo. 578, 265 P.2d 700; Millard v. Smith, 30 Colo.App. 466, 495 P.2d 234.
In support of the trial court's ruling, the administratrix argues that the distributional share of an heir is not subject to garnishment as a matter of law prior to the time that the probate court enters an order of distribution. See 38 C.J.S. Garnishment § 112. The basis for this ruling in other jurisdictions is that until the estate is settled, it is not known whether any assets will remain to distribute to the heirs after payment of creditors. See Sherman v. Havens, 94 Kan. 654, 146 P. 1030.
The administratrix contends that the rule applies in Colorado as evidenced by dictum in Clark v. Kraig, 21 Colo.App. 196, 120 P. 1044. Further, the administratrix cites Green v. Green, 108 Colo. 10, 113 P. 2d 427, for the proposition that rights and liabilities of the parties are determined as of the date of garnishment, and the administratrix had no obligation to transfer assets to Rolland Standish on the date she was garnished in this case.
*1235 The authorities relied upon by plaintiffs are not in point. Clark and Green were decided when garnishment proceedings were instituted pursuant to the Code of Civil Procedure. See 1935 Colo.Stat.Ann., Chap. 7 § 129 et seq. C.R.C.P. 103(b) now provides:
"Any time after the issuance of a writ of attachment the plaintiff may have a writ of garnishment issue and, whether they are due at the time of the service of the writ or are to become due thereafter, attach the credits, effects, debts, choses in action, money, and other personal property of the defendant in the possession or control of any third person, as garnishee, for the security of any judgment the plaintiff may recover in such action against the defendant; provided that no garnishment shall issue for any sum less than the amount fixed by statute." (Emphasis supplied.)
C.R.C.P. 103(b) differs from its predecessor by the addition of the phrase "and, whether they are due at the time of service or are to become due thereafter." See 5 V. Dittman, Colorado Practice § 103.2. The question is whether the allegations of the traverse are sufficient to state a claim under C.R.C.P. 103. We conclude the allegations are sufficient.
In Colorado, title to personal property passes to the administratrix of an estate during the period of administration, McKee v. Howe, 17 Colo. 538, 31 P. 115; Blizzard v. Penley, 186 F.Supp. 746 (D. Colo.), and the administratrix is charged with the duty of taking possession of all personal property of the deceased, 1965 Perm.Supp., C.R.S. 1963, XXX-XX-XX. Thus the administratrix must be deemed to have the degree of possession and control contemplated by C.R.C.P. 103. In addition, where, as here, the garnishment issues after the judgment debtor has been decreed by the probate court to be an heir and a final report has been filed reflecting an amount which it is projected the heir will receive, the administratrix has personal property in her possession which will thereafter (upon order of final distribution) become due to the heir. Finally, C. R.C.P. 103(b) does not jeopardize creditors of the estate since execution may not issue until the administratrix is obligated to transfer assets to the heir. See C.R.C.P. 103(t). Thus, any contingency which depleted assets of the estate so as to affect defendant's distributive share would be grounds for filing amended answers to the writ. Accordingly, we hold that the traverse states a claim for relief, and the trial court erred in entering an order of dismissal.
In her reply to the traverse, the administratrix alleged that she had requested and received instructions in the form of an order from the District Court of Kit Carson County prior to answering the writ of garnishment, that notice of hearing was furnished plaintiffs prior to entry of that order, and that therefore plaintiffs are bound by that order. Because of these allegations, the administratrix argues the dismissal was proper.
The issues raised by these allegations are not before us. The Denver District Court's ruling was made following oral argument and submission of briefs on the motion to dismiss, and the only issue presented to that court was the issue resolved in this opinion. Since that court has not heard evidence or ruled on the issues raised by the reply, we may not consider those issues on review. Friedrichs v. Midland Savings & Loan Co., 94 Colo. 563, 31 P.2d 493.
The judgment is reversed and the cause remanded with directions to reinstate the traverse.
ENOCH and PIERCE, JJ., concur.