## No. 27953

## The People of the State of Colorado v. Edward William Hines
(575 P.2d 414)

Decided February 27, 1978

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General; Stuart A. VanMeveren, District Attorney, Donald E. Johnson, Jr., Deputy, Francis H. Oldham, Deputy, for plaintiff-appellant.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, David F. Vela, Deputy, for defendant-appellee.

*En Banc.*

MR. JUSTICE CARRIGAN delivered the opinion of the Court.

This interlocutory appeal challenges the district court's order suppressing certain evidence and statements. We affirm.

On the evening of April 12, 1977, Fort Collins police officers were dispatched to investigate complaints of a "commotion" at an apartment complex parking lot. The complainant directed the officers to a "suspicious vehicle" in the parking lot. When one of the officers approached the car and shined a light into its front window, he saw the appellee and a juvenile girl making motions as if stuffing something under the front seat. When the car's windows were lowered, the officer smelled marijuana and saw two "hash pipes" on the dashboard. Examination of the hash pipes indicated what appeared to be marijuana residue in their bowls. The officer concluded that the pipes had been used to smoke marijuana in the "near past."

At that point, the officer ordered the appellee and his companion from their car and detained them in the patrol vehicle, with the intention of placing them under arrest.[1] He then returned to their car and searched under the front seat. When that search proved fruitless he looked in the back seat and discovered a closed backpack, which he opened and searched. This search yielded eleven bags of marijuana and the appellee's checkbook.

Subsequently, after being advised of his rights,[2] the appellee admitted that the marijuana was his, and that he was to be paid for delivering it to another.

---

[1] It is not clear whether the suspects were "formally arrested" before or after the search of their car. For the purposes of this decision, it is sufficient that they were in police custody in the patrol car.

[2] *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

The trial court granted the appellee's motion to suppress both the marijuana seized from the backpack and the appellee's subsequent statements. The court held that the warrantless search was unreasonable under the circumstances, and that the incriminating statements which derived from the unlawful search also had to be suppressed. We agree.

## I. Search of the Backpack

A search conducted without a warrant is prima facie invalid unless it falls within the limits of one of several well-recognized exceptions to the warrant requirement. *People v. Casias*, 193 Colo. 66, 563 P.2d 926 (1976). Even a lawful arrest does not justify a general exploratory search as incident to that arrest where no exigent circumstances preclude obtaining a warrant and following normal procedures. *Hernandez v. People*, 153 Colo. 316, 385 P.2d 996 (1963). Here the appellee's expectation of privacy with regard to his closed backpack was sufficient to invoke constitutional protections against unreasonable police intrusion. *U. S. Const.* amend. IV; *Colo. Const.* Art. II, sec. 7; *People v. Counterman*, 192 Colo. 152, 556 P.2d 481 (1976). In this case, our review of the record indicates that there was sufficient evidence to sustain the trial court's finding that the search was unreasonable and that no special circumstances justified the officers in searching the backpack without first obtaining a warrant. *Cf. People v. Hilber*, 69 Mich. App. 664, 245 N.W.2d 156 (1976).

## II. Incriminating Statements

Since the search of the appellee's backpack was unlawful, the appellee's statements describing his activities in relation to the marijuana discovered by the unlawful search must be held inadmissible under the "fruit of the poisonous tree" doctrine. *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). The People have presented no evidence indicating that subsequent events may have dissipated the taint of the illegal search. Merely reciting the *Miranda* warnings was not sufficient in and of itself to remove the taint. *Brown v. Illinois*, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975).

Accordingly, the trial court's ruling is affirmed.

MR. JUSTICE KELLEY does not participate.