No. 28365

**The People of the State of Colorado v. Scott Edward Eakins**

(587 P.2d 790)

Decided December 11, 1978.

Nolan L. Brown, District Attorney, Frederick B. Skillern, Deputy, for plaintiff-appellant.

Normando R. Pacheco, for defendant-appellee.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

The People bring this interlocutory appeal to challenge a ruling of the district court suppressing certain evidence on the grounds that it was seized in violation of the defendant's Fourth Amendment rights. We affirm.

These facts were elicited from testimony at the suppression hearing. On March 24, 1977, Officer Miller of the Arvada Police Department

stopped a pickup truck which was being driven in a "strange manner" on the grassy area in a local park, off of the roadway. The driver of the pickup, later identified as the defendant Scott Eakins, and his passenger both "appeared intoxicated." When asked for identification, Eakins told Officer Miller his name was Bob Welsh, but produced no written indentification. The passenger also gave a false name, but retracted this statement when a wallet was found bearing different identification.

A second officer arrived to assist Officer Miller. After they administered a standard sobriety test, which defendant failed, Officer Miller returned to the pickup. He noticed for the first time a pint bottle of whiskey on the front seat and some beer bottles on the floor. The whiskey bottle was partially covered by a green nylon day pack, so that it was visible only from the neck to the lid. Officer Miller moved the day pack to take the bottle and, in so doing, he felt what he thought was an automatic pistol. He removed the pack from the pickup, untied the strings securing the pack, and withdrew the pistol. It was loaded. A check revealed that it was also stolen.

At that point the defendant was placed under arrest. In accordance with Arvada Police Department procedure, the pickup was impounded and the items in the truck were inventoried. The day pack and other loose items were taken to the police station, where the pack was emptied and its contents "logged in." This search disclosed a vial of morphine sulphate, wrapped in tin foil.

The defendant was charged with theft by receiving and unlawful possession of narcotics.

On May 31, 1977, the People moved to dismiss the theft count. The defendant then moved to suppress introduction of the morphine, which was the basis of the second count. After a hearing, the trial judge granted the motion to suppress, finding that the search of the day pack was not a valid inventory search, "but was a search executed without a warrant and no good grounds have been shown to this Court why a search warrant was not obtained."

Both parties agree that, under *Stone v. People,* 174 Colo. 504, 485 P.2d 495 (1971), the defendant was lawfully stopped. Likewise it is conceded that seizure of the whiskey bottle was lawful under the "plain view" doctrine, *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); *People v. Waits,* 196 Colo. 35, 580 P.2d 391 (1978); *People v. Meeks,* 194 Colo. 214, 570 P.2d 835 (1977), and there is no contention that seizure of the stolen pistol was unlawful.

The issue before us is whether the morphine sulphate, which was contained in a sealed tin foil package inside the nylon day pack, was lawfully seized. The People contend that the seizure was lawful as being incident to a lawful inventory search. We do not agree.

This court has consistently upheld inventory searches where they comply with the constitutional standards of "reasonableness."[1] *U. S. Const.* amend. IV; *Colo. Const.* Art. II. Sec. 7. In the recent case of *People v. Counterman,* 192 Colo. 152, 556 P.2d 481 (1976), we announced guidelines by which to judge inventory searches in determining whether the constitutional standards had been met. We said in part:

"The legitimate purposes for inventory searches provide one measure of the limits of reasonable police intrusion. These purposes include (1) protection of the owner's or occupant's property, (2) protection of the police officers from liability based upon subsequent claims of missing or damaged property, *see South Dakota v. Opperman, supra,* and (3) protection of the police officers and the public from dangerous instrumentalities inside the car. *See Cady v. Dombrowski,* 413 U.S. 433, 93 S.Ct. 2523, 37 L.Ed.2d 706 (1973); *People v. Roddy, supra. Another limiting factor is whether the 'caretaking' or protective functions of the search are tainted as pretexts for 'concealing an investigatory police motive.' South Dakota v. Opperman, supra.*" (Emphasis added.)

The People argue that the present search falls within the *Counterman* principles. First they assert that a complete inventory of the contents of the day pack was necessary to protect the police from liability in the event that the pact was lost, stolen or destroyed. Furthermore, the People assert that once the gun was discovered, *Counterman* authorized a further search to protect the police from concealed "dangerous instrumentalities."

At the conclusion of the hearing, the trial judge made a finding of fact that the search involved here was not an inventory search, but was rather a general search executed without a warrant and that there were no exigent circumstances to justify the warrantless search. In this posture of the case, our only reviewing function is to determine whether there is any competent evidence in the record to support the finding. The transcript reveals that Officer Miller testified at one point that the purpose of the search was to look for evidence to determine identity of the arrested party and ownership of the pack. There is no evidence that the police were concerned that there were any other dangerous instrumentalities in the pack. Thus, there is evidence in the record to support the trial court's finding that the search of the day pack was a warrantless general search so as to

---

[1] The People attempt to distinguish this case from *People v. Hines,* 195 Colo. 71, 575 P.2d 414 (1978), where we held a similar search of a closed backpack invalid. The People argue that in this case the pack was open; therefore, *Hines* is inapplicable. *See South Dakota v. Opperman,* 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976); *Katz v. United States,* 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967); *People v. Grana,* 185 Colo. 126, 527 P.2d 543 (1974). This argument is clearly without merit. The pack was not left open by the defendant, but was opened *by Officer Miller* in order to remove the pistol. The defendant did not relinquish his privacy interest in his day pack.

bring it within the ambit of *People v. Counterman, supra,* as tainted as a pretext for concealing an investigative motive.

We affirm.