## No. 28476

### The People of the State of Colorado v. Larry Edward Little

(598 P.2d 140)

Decided July 30, 1979.

Dale Tooley, District Attorney, Brooke Wunnicke, Chief Appellate Deputy, for plaintiff-appellant.

J. Gregory Walta, State Public Defender, Craig L. Truman, Chief Deputy, Thomas M. Van Cleave, III, Deputy, for defendant-appellee.

*En Banc.*

JUSTICE LEE delivered the opinion of the Court.

Defendant, Larry Edward Little, was arrested and charged with possession of a narcotic drug, cocaine, and with two additional counts of

possession of, with intent to dispense, dangerous drugs, LSD and hashish, respectively. The district court granted defendant's motion to suppress. The People bring this interlocutory appeal and we affirm.

The testimony at the suppression hearing revealed that Denver police, pursuant to a warrant, were in the process of searching an apartment at 739 Gilpin Street, Denver, Colorado, when defendant knocked on the door. Defendant intended to visit a fellow student who was the occupant of the apartment. The arresting officers opened the door with pistols drawn and told defendant to step into the apartment. Detective Lombard, standing immediately to the left of defendant, saw plastic bags containing what he believed to be marijuana protruding from an open compartment of a travel bag slung from defendant's left shoulder. At that point, according to police testimony, defendant dropped the travel bag to the floor and exclaimed: "That's not my bag." According to defendant's version, the detective took the travel bag off his shoulder.

It is undisputed, however, that immediately after the seizure of the travel bag defendant was placed spread-eagle against a wall, frisked and arrested. After Detective Lombard considered defendant to be "under control," he placed the travel bag on the dining room table and searched the remaining three closed zippered compartments. In these compartments was found the contraband which is the subject of this appeal, as well as defendant's identification and school term papers in his name.

In granting defendant's motion to suppress, the district court held that: (1) there was no abandonment of the travel bag and its contents; (2) defendant had standing to challenge the sufficiency of the search warrant by which the police were searching the apartment; and (3) because the search warrant is invalid the police officers were not legitimately on the premises; and, therefore, the plain view doctrine was inapplicable.

The People contend that defendant had no standing to contest the constitutionality of the search of the travel bag because he had abandoned it. They also contend that defendant had no standing to challenge the sufficiency of the search warrant because he had no expectation of privacy in the apartment of another.

We affirm the finding of the district court that defendant did not abandon the travel bag. We do not agree, however, with the conclusion of the court that defendant had standing to challenge the sufficiency of the search warrant. It follows, therefore, that the plain view doctrine applies to the seizure of the marijuana. However, because the police failed to secure a search warrant for the closed zippered compartments which contained the contraband for which defendant was charged, we affirm the ruling of the district court suppressing that contraband.

I.

The People contend that defendant's act of dropping the travel bag to his feet, coupled with his statement of "That's not my bag,"

amounts to abandonment of the bag. The district court, however, apparently did not believe the police version and concluded otherwise. During the suppression hearing, the court, commenting on the police testimony bearing on abandonment, declared that: "The facts as stated just don't make sense." The court thereafter found that there was no abandonment of the bag and its contents.

In reviewing a ruling on a motion to suppress evidence, this court should not substitute its judgment for that of the trial judge which is based on a resolution of conflicting evidence and a determination of the credibility of the witnesses. *People v. Gomez,* 184 Colo. 319, 519 P.2d 1191 (1974); *Rapue v. People,* 171 Colo. 324, 466 P.2d 925 (1970); *Miller v. People,* 141 Colo. 576, 349 P.2d 685 (1960).

## II.

Alternatively, the People contend that the plain view doctrine justified the warrantless search and seizure of the travel bag. We agree only as to the marijuana which was plainly visible.

Under the plain view doctrine, a well-recognized exception to the warrant requirement, no warrant is needed to seize contraband in plain view, which police see while conducting a legitimate investigation of criminal activity. *People v. Gurule,* 196 Colo. 562, 593 P.2d 319 (1978); *Martinez v. People,* 169 Colo. 366, 456 P.2d 275 (1969). The underlying rationale of the doctrine is that there can be no expectation of privacy in items in plain view.

An initial requirement of the doctrine, however, is that the police must legitimately be in the place from which they view the seized items. *People v. Gurule, supra.* Focusing on this requirement, the district court held that defendant had standing to challenge the sufficiency of the search warrant for the apartment because he was legitimately on the premises. The district court then held that because the search warrant was deficient the police were not legitimately on the premises when they saw the contraband in defendant's travel bag. The district court concluded, therefore, that the plain view doctrine was inapplicable.

We do not agree with the district court's analysis. The mere fact that defendant was legitimately on the premises — the basis of the district court's opinion — is no longer controlling since the decision in *Rakas v. Illinois,* 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978). There, the Supreme Court stated the critical factor to be whether the person claiming the protection of the Fourth Amendment has a legitimate expectation of privacy in the premises. In our view, defendant here had no legitimate expectation of privacy in a friend's apartment. Defendant kept no personal effects in the apartment and had only visited there a few times. Thus, the presence in and search of the apartment by the police did not violate defendant's rights. *Rakas v. Illinios, supra.* The validity of

the search warrant,[1] therefore, cannot be challenged by this defendant.

### III.

■ Although the travel bag was legitimately seized by the police under the plain view doctrine for purposes of securing the marijuana visible in the open compartment, whether the closed zippered compartments could be searched without a warrant after defendant was under arrest and in the control of the police presents another question. We hold that the warrantless search of the closed zippered compartments was unreasonable under the circumstances and therefore uphold the district court's suppression of the contraband found therein.

■ A warrantless search is invalid unless it lies within the limits of one of the recognized exceptions to the warrant requirement. Absent exigent circumstances, a general exploratory search following a lawful arrest, as made in this case, is not justified. *People v. Hines,* 195 Colo. 71, 575 P.2d 414 (1978).

Here, according to the arresting officer's testimony, the travel bag's closed compartments were not searched until defendant was "under control." There was no danger, therefore, that defendant could destroy any evidence contained therein. *Arkansas v. Sanders,* 442 U.S. 753, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979); *People v. Singleton,* 174 Colo. 138, 482 P.2d 978 (1971).

■ As noted in *Arkansas v. Sanders, supra,* "luggage is a common repository for one's personal effects, and therefore is inevitably associated with the expectation of privacy." Defendant had a justifiable expectation of privacy in the closed compartments of the travel bag. The police, therefore, should have secured a search warrant prior to the search of the travel bag. *Arkansas v. Sanders, supra* (suitcase); *People v. Hines, supra* (closed backpack); *People v. Counterman,* 192 Colo. 152, 556 P.2d 481 (1976) (closed knapsack); *People v. Grana,* 185 Colo. 126, 527 P.2d 543 (1974) (zippered flight bag).

The ruling is affirmed.

CHIEF JUSTICE HODGES, JUSTICE ERICKSON and JUSTICE ROVIRA do not participate.

---

[1] Because of our holding, we make no comment on the district court's determination of the validity of the search warrant.