The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Ray DRINKWATER, Defendant-Appellant.

No. 78–779.

Colorado Court of Appeals, Div. III.

Aug. 21, 1980.

Rehearing Denied Sept. 25, 1980.

Certiorari Denied Jan. 26, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Thomas J. Tomazin, Designated Counsel, Engelwood, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Janice M. Buchanan, Sp. Deputy State Public Defender, Denver, for defendant-appellant.

BERMAN, Judge.

Defendant was convicted by a jury of three counts of aggravated robbery. He appeals and we affirm.

On October 17, 1977, two men robbed a restaurant. On October 25, 1977, defendant was arrested incident to a search of his house conducted pursuant to a search warrant.

On the day of his arrest, the investigating officers informed defendant that a lineup would be held the next day. Defendant requested that the officers contact a private attorney and request his presence at the lineup. The next morning, October 26, 1977, the police contacted the attorney's wife, who said that she would contact the attorney. The lineup was held that afternoon. When defendant's attorney did not appear, the police informed an attorney from the Public Defender's office that she would have to represent both defendant and the co-defendant at the lineup.

Defendant first contends that the court erred in not suppressing the in-court identification because the prosecution failed to sustain its burden of showing that it had a right to obtain substitute counsel for the defendant. We do not agree.

Defendant argues that the police officer's phone call to his attorney's residence was insufficient notice to his attorney, and therefore, that the police did not have a right to substitute the Public Defender for defendant's counsel of choice. The court, at the suppression hearing, specifically found

that the police "made reasonable efforts to contact" defendant's attorney, and that defendant's attorney "in fact received notification but not in time to make himself available at the appointed hour." This finding is supported by the record and will not be disturbed on review. *People v. Little*, Colo., 598 P.2d 140 (1979). Here, "[s]ubstitute counsel at [the] lineup satisfies the requirements of *United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967)." *United States v. Smallwood*, 473 F.2d 98 (D.C.Cir.1972).

 Defendant next maintains that even if the police could substitute counsel for defendant, the prosecution failed to sustain its burden of proving that defendant was in fact represented by substitute counsel. Defendant contends that the prosecution must show that defendant talked with substitute counsel, thus establishing an attorney-client relationship, and that the prosecution has the burden of calling the substitute counsel as a witness to prove that this relationship existed. We do not agree.

The purpose of counsel at a pre-trial lineup is to insure the propriety of the identification procedure. *Wade, supra.* This does not require that substitute counsel personally meet with the defendant. *U.S. v. Randolph*, 443 F.2d 729 (D.C.Cir.1970). Further the decision of whether to call the substitute counsel at the suppression hearing rests with defense counsel, and the prosecution does not have the burden of calling substitute counsel to show that he was acting on behalf of the defendant. *Smallwood, supra.* In the instant case, the trial court found that the police had secured the Public Defender to represent defendant, and that the Public Defender was present in the room during the lineup. Thus, defendant's constitutional right to assistance of counsel was adequately protected, and the trial court did not err in denying his motion to suppress. *Randolph, supra; Smallwood, supra.*

Defendant also challenges the trial court's finding that there was sufficient evidence to show an absence of taint at the lineup as it concerned defendant. However, the trial court's finding on this point is supported by the record, and will not be disturbed on appeal. *Little, supra.*

Defendant next contends that the trial court erred by denying his motion for a continuance. However, defendant did not raise this issue in his motion for new trial, and as we do not perceive it to be plain error, it will not be considered as a basis for reversal. *People v. Billington*, 191 Colo. 323, 552 P.2d 500 (1976).

Defendant also contends that the trial court erred by denying his motion to suppress on the grounds that the police improperly executed the search pursuant to the warrant. Again, this issue was not raised in defendant's motion for a new trial, and as the court's denial of the motion did not constitute plain error, it does not represent a basis for reversal. *Billington, supra.*

Defendant's final contention of error—the denial of his motion to suppress evidence premised upon his not being in exclusive possession of the apartment—is rejected as being without merit.

Judgment affirmed.

RULAND and KELLY, JJ., concur.