Scott L. SIMPSON, Plaintiff–Appellant,

v.

ConAGRA, INC., a Delaware corporation, Defendant–Appellee.

No. 90CA0646.

Colorado Court of Appeals, Div. C.

Oct. 24, 1991.

Jostad/Associates, John A. Jostad, Fort Collins, for plaintiff-appellant.

Anderson, Sommermeyer, Wick & Dow, Mayo Sommermeyer, Robert N. Clark, Fort Collins, Thomas L. Dueber, Greeley, for defendant-appellee.

Opinion by Judge PIERCE.

In this action to recover compensation for overtime work, plaintiff, Scott L. Simpson, appeals the judgment entered in favor of defendant, ConAgra, Inc. We reverse the judgment and remand for further proceedings.

ConAgra owns and operates a number of retail stores which sell agricultural equipment and merchandise. In three of these stores, ConAgra set aside a portion of the showrooms as centers for the sale of John Deere equipment. In 1987, plaintiff was hired to manage the "John Deere Center" at one of these stores.

Plaintiff's employment was terminated in 1988, at which time he commenced this action under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq. (1988), to recover overtime wages. Following a bench trial, the court concluded that the managerial authority bestowed upon plaintiff at the time he was hired was sufficient to qualify him as an administrative employee, thereby exempting him from the overtime provisions of the FLSA. The court, however, found that, as time passed, plaintiff failed to exercise his managerial authority and that he allowed others to perform his duties while he "withdrew" into sales. This relinquishment of his duties did not, in the trial court's view, affect his status as an administrative employee be-

cause he "essentially retained" his authority to operate the John Deere Center within specified guidelines.

On appeal, plaintiff contends the trial court erred as a matter of law in ruling that he was a *bona fide* administrative employee within the meaning of the FLSA. We agree.

■ Section 7 of the FLSA requires employers to pay overtime to employees who work more than forty hours per week. Section 13(a)(1) of the Act provides an exemption from this requirement for those employees who occupy "bona fide executive, administrative, or professional" positions. These exemptions are construed narrowly against an employer, *Arnold v. Kanowsky*, 361 U.S. 388, 80 S.Ct. 453, 4 L.Ed.2d 393 (1960), and the employer bears the burden of proving that a given employee qualifies for the exemption. *Idaho Sheet Metal Works, Inc. v. Wirtz*, 383 U.S. 190, 86 S.Ct. 737, 15 L.Ed.2d 694 (1966).

■ To prove that an employee qualifies for the administrative exemption under the FLSA, an employer must demonstrate that the employee is primarily engaged in work that is "directly related to management policies or general business operations" of the employer. 29 C.F.R. § 541.2(e)(2); *see* 29 C.F.R. § 541.2(a)(1). This type of work is characterized by activities of substantial importance which relate to "the administrative operations of a business," and it is to be distinguished from retail "sales" work. 29 C.F.R. § 541.205.

■ In addition, the employer must also demonstrate that the performance of the employee's primary duty "includes work requiring the exercise of discretion and independent judgment." 29 C.F.R. § 541.-2(e)(2). It is not enough to show that the employee made decisions concerning relatively unimportant matters; instead, "the discretion and independent judgment exercised must be real and *substantial*, that is, they must be exercised with respect to

matters of consequence." 29 C.F.R. § 541.207(d) (emphasis supplied).

■ Here, defendant introduced evidence which showed that at the time plaintiff was hired he was to be responsible for scheduling the hours worked by other employees, training new employees as they were hired, and ordering merchandise to be sold in the Center. However, the store manager, who served as plaintiff's immediate supervisor, conceded that plaintiff had no involvement in personnel matters. In addition, ConAgra's regional manager and the store buyer both acknowledged that the duties actually performed by plaintiff primarily involved sales work. The balance of the witnesses called to testify for defendants were unable to state whether plaintiff ever exercised any managerial authority during his term of employment.

In short, defendant failed to introduce any evidence which would indicate that plaintiff was primarily engaged in non-sales work "directly related to management policies or general business operations" of his employer. Accordingly, we conclude the trial court erred in ruling that plaintiff was an administrative employee within the meaning of the FLSA.

Plaintiff has requested that we determine the amount of compensation to which he is entitled and that we award liquidated damages under 29 U.S.C. § 216 (1988). Because the trial court did not have occasion to address these issues in the first instance, we decline to consider them initially on appeal. *See Stone v. Chapels for Meditation*, 33 Colo.App. 346, 519 P.2d 1233 (1974).

The judgment is reversed, and the cause is remanded for further proceedings to determine (1) the amount of overtime to which claimant is entitled and (2) whether the penalty provisions apply or whether the employer had reasonable grounds to believe the FLSA was not violated. *See* 29 C.F.R. § 790.13. If the penalty provisions apply, the amount of liquidated damages should also be determined.

RULAND and VAN CISE,* JJ., concur.