The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

James R. HILLMAN, Defendant–
Appellant.

No. 90CA0718.

Colorado Court of Appeals,
Div. V.

Aug. 1, 1991.

Rehearing Denied Sept. 5, 1991.

Certiorari Granted Jan. 13, 1992.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Paul Koehler, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Pozner, Hutt & Kaplan, P.C. Shelley Gilman, Abraham V. Hutt, Denver, for defendant-appellant.

Opinion by Judge PLANK.

Defendant, James R. Hillman, appeals the judgment of conviction entered by the trial court finding him guilty of certain drug offenses. He contends that the trial court erred in denying his motion to suppress evidence. We reverse.

An officer of the Adams County Sheriff Department drove by defendant's house one night and saw four black opaque garbage bags and one dog food bag set out for collection on the curbside of defendant's home. The officer seized the bags and took them to the sheriff's department where he searched them. He discovered marijuana leaves, small peat cups for growing seedling plants, and bills and magazines containing defendant's name. Based

on this evidence, the officer obtained a search warrant for defendant's home. A detective with the sheriff's department later executed the warrant, finding marijuana, boxes of plastic bags, and scales.

Defendant was thereafter charged with possession of a schedule I controlled substance, possession of a schedule II controlled substance, cultivation of marijuana, and possession of marijuana with the intent to distribute.

In a pretrial motion, defendant moved to suppress the evidence found in the search of his home. The trial court denied defendant's motion, however, ruling that under the Colorado Constitution, defendant did not have a legitimate expectation of privacy in the garbage which he left at the curbside for collection.

After a bench trial, the court found defendant guilty of cultivation and possession of marijuana.

The sole issue raised on appeal is whether the officer's warrantless search of defendant's garbage violated Colo. Const. art. II, § 7. We conclude that it did.

Colo. Const. art. II, § 7, provides:

"The people shall be secure in their persons, papers, homes and effects from unreasonable searches and seizures; and no warrant to search any place or seize any person or things shall issue without describing the place to be searched, or the person or thing to be seized, as near as may be, nor without probable cause, supported by oath or affirmation reduced to writing."

■ The purpose of this provision is to safeguard an individual's legitimate expectation of privacy from unreasonable governmental intrusions. *Charnes v. DiGiacomo*, 200 Colo. 94, 612 P.2d 1117 (1980). Thus, a governmental action which intrudes on an activity in which one holds an expectation of privacy is a "search" subject to constitutional protection. *People v. Oates*, 698 P.2d 811 (Colo.1985).

■ Whether an expectation of privacy is "legitimate" is determined by a two-part test. In the circumstances at issue here, that test would be, first, did defendant expect that his garbage left for collection on the curbside would be free from governmental intrusion? And, if so, is that expectation one that society is prepared to recognize as reasonable? *People v. Sporleder*, 666 P.2d 135 (Colo.1983); *Katz v. United States*, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967).

■ Here, the state concedes that defendant had an actual expectation of privacy in the garbage. Thus, the question before us is whether defendant's expectation is one that society is prepared to accept as reasonable.

The United States Supreme Court decided this issue on similar facts in *California v. Greenwood*, 486 U.S. 35, 108 S.Ct. 1625, 100 L.Ed.2d 30 (1988). There, the Court held that the Fourth Amendment does not prohibit the warrantless search and seizure of garbage left for collection at the curbside of a home. However, the *Greenwood* Court acknowledged that individual states may construe their own constitutions "as imposing more stringent constraints on police conduct than does the Federal Constitution."

Indeed, although Colo. Const. art. II, § 7, and the Fourth Amendment are substantially similar in wording, the Colorado Supreme Court has repeatedly construed the Colorado Constitution to afford protection to a greater range of privacy interests than its federal counterpart. *See People v. Oates, supra; People v. Corr*, 682 P.2d 20 (Colo.1984); *People v. Sporleder, supra; Charnes v. DiGiacomo, supra*.

As Justice Quinn noted in his dissenting opinion in *People v. Rister*, 803 P.2d 483 (Colo.1990):

"This is as it should be under our federal system, for the Bill of Rights does not establish a 'ceiling' or outer limit of individual liberties, but rather establishes only a 'floor' or minimal level of constitutional protections. While a state court may not go below this floor and infringe upon federally guaranteed rights by a more restrictive analysis of its state constitution, a state court has always been free to find in its state constitution great-

er protections against governmental intrusions than granted by the federal constitution."

*See also State v. Hempele,* 120 N.J. 182, 576 A.2d 793 (1990).

In *People v. Sporleder, supra,* our supreme court held that the installation of a pen register on defendant's telephone violated Colo. Const. art. II, § 7. Similarly, in *People v. Corr, supra,* the court found a legitimate expectation of privacy in telephone toll records. And, in *People v. Oates,* the warrantless installation of a beeper in a drum of chemicals for purposes of surveillance was held to be an unconstitutional invasion of privacy.

Based on the reasoning of *Sporleder, Corr,* and *Oates,* we conclude that the protection of Colo. Const. art. II, § 7 extends to the expectation of privacy that one has in garbage left for collection at the curbside of his or her home.

Whether an expectation of privacy is reasonable may be tested against the customs, values, and common understandings that confer a sense of privacy upon many of our basic social activities. *People v. Oates, supra.*

In *Sporleder,* the court recognized that one ordinarily has an expectation of privacy in the telephone numbers that he or she dials as well as the date and time of each phone call. As the court there pointed out, "Knowledge of these facts can often yield inferential knowledge of the content of the conversation itself." Further, when this information is fed into various computer systems, numerous additional personal details can be revealed. Also, the *Sporleder* court ruled that the mere disclosure of the information to the telephone company for business purposes does not render the subscriber "fair game for unrestrained police scrutiny."

Likewise, one ordinarily has a privacy expectation in the contents of his or her household garbage. Also, as stated by the New Jersey Supreme Court in *State v. Hempele, supra:*

"A plethora of personal information can be culled from garbage:

" 'A single bag of trash testifies eloquently to the eating, reading, and recreational habits of the person who produced it. A search of trash, like a search of a bedroom, can relate intimate details about several practices, health and personal hygiene. Like rifling through desk drawers or intercepting phone calls, rummaging through trash can divulge the target's financial and professional status, political affiliations and inclinations, private thoughts, personal relationships and romantic interests.' " (quoting from *California v. Greenwood, supra* (Brennan, J., dissenting).

■ And, by analogy to the *Sporleder* holding, we reject the contention that the placing of such materials in opaque, sealed bags for pickup and disposal by the trash collector renders them completely open to police scrutiny. *See State v. Boland,* 115 Wash.2d 571, 800 P.2d 1112 (1990); *People v. Hempele, supra.*

Moreover, the Colorado Supreme Court has consistently recognized one's legitimate expectation of privacy in the contents of a sealed container. *People v. Oates, supra; People v. Hines,* 195 Colo. 71, 575 P.2d 414 (1978); *People v. Casias,* 193 Colo. 66, 563 P.2d 926 (1977). We see no reason to alter this rule with regard to sealed, opaque containers containing household trash. *See California v. Greenwood, supra* (Brennan, J. dissenting). We therefore hold that society would recognize as reasonable, an expectation of privacy in trash left for collection at one's curbside.

■ The state argues that Colorado's abandonment law should be applied here to negate the reasonableness of any expectation of privacy. We disagree.

Colorado has adopted its test for the legitimate expectation of privacy from the United States Supreme Court decision of *Katz v. United States, supra. Katz* represents a departure from property concepts—such as abandonment—which had previously been used to determine the scope of the Fourth Amendment. *Charnes v. DiGiacomo, supra;* 1 W. LaFave, *Search & Seizure: A Treatise on the Fourth Amendment* § 2.6(c) 2d ed. (1987). Even the ma-

jority opinion of *California v. Greenwood, supra,* rejected the argument that trash is not entitled to an expectation of privacy because it is "abandoned."

The state next claims that there is no expectation of privacy here because the garbage was located on the curb where the general public has access. We find this argument unpersuasive for the same reasons we find the abandonment argument unpersuasive.

Under the *Katz* analysis, the focus is on people and not places:

"What a person seeks to preserve as private, even in an area accessible to the public, may be constitutionally protected."

*Katz v. United States, supra; Charnes v. DiGiacomo, supra; see also State v. Hempele, supra; State v. Boland, supra.*

We hold that defendant's garbage was protected from warrantless governmental intrusion under Colo. Const. art. II, § 7. Therefore, the trial court erred in denying defendant's motion to suppress.

The parties stipulated in the trial court that the search of defendant's home was based on probable cause provided by the search of the trash. Therefore, we cannot consider the state's argument on appeal that the warrant for the home search was supported by independent information providing sufficient probable cause to search. *See Stone v. Chapels for Meditation, Inc.,* 33 Colo.App. 346, 519 P.2d 1233 (1974).

Accordingly, the judgment of conviction is reversed.

JONES and NEY, JJ., concur.